# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ORCHARD GLEN VENTURE, a California General Partnership,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD HILL, NATASHA HILL, and DOES I through V, inclusive,<br><br>Defendants. | Case No. 14-cv-05486 NC<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 1 |

The Court issues this order on its own motion, to address concerns regarding the apparent lack of subject matter jurisdiction. Plaintiff Orchard Glen Venture initiated this unlawful detainer action against defendants Howard Hill and Natasha Hill in the Superior Court of California, County of Santa Clara. *See* Dkt. No. 1 at 11. Defendant Howard Hill, proceeding pro se, removed the case to this Court. *See* Dkt. No. 1 at 1-4. While the notice of removal asserts that removal is proper based on federal question jurisdiction, there appears to be no basis for this Court's jurisdiction. The Court orders Howard Hill to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction.

//

# I. DISCUSSION

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of a state court action to federal court is appropriate only if the federal court would have had original subject matter jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). A federal district court must remand a removed case to state court "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." *Id.* § 1447(c); *see also Maniar v. FDIC*, 979 F.2d 782, 784-85 (9th Cir. 1992) (noting that section 1447(c) permits a district court to remand on its own motion for lack of subject matter jurisdiction). In deciding whether removal was proper, courts strictly construe the removal statute against finding jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing that removal was appropriate. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## A. Federal Question Jurisdiction

Howard Hill's contention that the Court has federal question jurisdiction over this unlawful detainer action lacks merit. District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if the complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (citations omitted). Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Provincial Gov't of Marinduque*, 582 F.3d at 1091.

Here, the operative complaint alleges a single claim for unlawful detainer under California, not federal law. *See* Dkt. No. 1 at 11-14. The notice of removal states that the

Case No. 14-cv-05486 NC
ORDER RE: SUBJECT
MATTER JURISDICTION

2

unlawful detainer complaint "intentionally fails to allege compliance with the Civil Rights Act of 1968" and that "Defendant is dealt with in a Prejudicial Manner based on tenant and wife being Afro American with the manager being Caucasian." *Id.* at 2.  The notice of removal claims that the complaint is thus an "artful pleading" that is based on a "Federal Cause of Action in ejectment/eviction." *Id.*  Merits aside, Howard Hill's claims and defenses against the plaintiff in the unlawful detainer action cannot create a federal question for the purposes of removal.  "[T]he federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.'" *See Provincial Gov't of Marinduque*, 582 F.3d at 1086 (citation omitted).  Plaintiff's unlawful detainer complaint does not raise a federal question.

**B.   Diversity Jurisdiction**

The notice of removal here does not appear to assert that removal is proper based on diversity.  In any event, the essential elements of diversity jurisdiction appear to be lacking.  District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizen of a State or of different States." 28 U.S.C. § 1332.

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A natural person's state citizenship is determined by her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return . . . . A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*  Additionally, a partnership is treated for purposes of diversity as citizen of

every state of which its owners/members are citizens.  *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).  If any member of a partnership is itself a partnership, an limited liability company, or an association, the Court needs to know the citizenship of each "sub-member" as well.  *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).

The notice of removal and the attached unlawful detainer complaint in this case indicate that Orchard Glen Venture is a California partnership and that defendants are domiciled in California.  Dkt. No. 1 at 1, 11-12.  If Howard Hill contends that the Court has diversity jurisdiction over this action, he must properly identify the citizenship of all parties.  Additionally, Howard Hill must show that the amount in controversy exceeds $75,000.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-700 (9th Cir. 2007) (explaining the different burdens of proof that could apply to this showing depending on the circumstances).

## II. CONCLUSION

The Court orders Howard Hill to show cause in writing by January 14, 2015, why this case should not be remanded to state court for lack of subject matter jurisdiction.

Howard Hill's response to the order to show cause must also address whether the other defendant in the unlawful detainer state action, Natasha Hill, consents to the removal.  *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

If Howard Hill fails to respond to the order to show cause by January 14, 2015, the Court will remand this action to state court.

The parties are reminded that they must either file written consent to the jurisdiction of a magistrate judge, or request reassignment to a district judge, by the deadline for filing the initial case management conference statement.  *See* Civ. L.R. 73-1(a)(1).

//

1  For additional guidance, Howard Hill may refer to the Court's Pro Se Handbook,
2  available on the Court's website at http://www.cand.uscourts.gov/prosehandbook, or
3  contact the Federal Legal Assistance Self-Help Center (FLASH), which provides
4  information and limited-scope legal advice to pro se litigants in civil cases. FLASH
5  requires an appointment, which can be made by calling 408-998-5298, ext. 311.
6  IT IS SO ORDERED.
7  Date: December 31, 2014

Nathanael M. Cousins
United States Magistrate Judge